Alta Joyce **COGBURN**, Petitioner,

v.

Kenneth Jdarrell **HARBOUR**,
Respondent.

No. C–2007.

Supreme Court of Texas.

July 13, 1983.

Rehearing Denied Sept. 21, 1983.

Sudderth, Woodley & Dudley, Keith Woodley, Comanche, for petitioner.

Coan & Terrill, Richard D. Coan, Stephenville, for respondent.

**PER CURIAM.**

This is a dissolution of partnership and accounting case. The trial court rendered judgment for Cogburn on the jury's findings. The jury found that the parties agreed to own jointly the livestock acquired by either of them from 1974 to 1978 and that the net value of the livestock so acquired was $2,400. The court of appeals reversed and remanded because of the failure of the trial court to submit an issue on the existence of a partnership. 646 S.W.2d 330.

Defendant Harbour had objected to the omission of an issue asking whether a partnership existed. The appellate record did not show an express ruling on the objection. Cogburn as appellee and petitioner in this court has maintained that Harbour waived any alleged error by failing to bring forward an express ruling in the record. We agree.

Rule 272[1] provides that the trial judge shall announce his rulings on objections to the charge

"before reading the charge to the jury and shall endorse his rulings on the objections if written or dictate same to the court reporter in the presence of counsel. Objections to the charge *and the court's rulings thereon* may be included as a part of any transcript or statement of facts on appeal and, *when so included in either, shall constitute a sufficient bill of exception to the rulings of the court thereon.*" (Emphasis supplied.)

The court of appeals held that Harbour was excused from strict compliance with Rule 272 because the record showed the objection was presented before the court read the charge. The court of appeals reasoned that the trial court impliedly overruled the objection to the charge since the charge included no single issue on the existence of a partnership.[2]

Implied rulings are not sufficient. Because a majority of the court finds the

---

1. All citations to rules are to the Texas Rules of Civil Procedure.

2. The court of appeals' conclusion that a separate issue on the existence of a partnership was necessary was erroneous, although petitioner did not raise the point. The separate facts found in the various distinct issues that were submitted established the elements necessary for the legal conclusion a partnership existed. Rule 277, as amended, allows the broad submission of issues.

decision of the court of appeals contrary to Rule 272, we grant petitioner's application for writ of error and, without oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court. Rule 483.