BETTY LEAVELL REALTY
COMPANY, Petitioner,

v.

Grier H. RAGGIO, Respondent.

No. C–2033.

Supreme Court of Texas.

March 28, 1984.

Rehearing Denied May 23, 1984.

Johnson, Blakeley, Johnson, Smith & Abbey, Robert C. Johnson and Milton C. Smith, Dallas, for petitioner.

Hoppenstein & Prager, Robert A. Miller, Dallas, for respondent.

POPE, Chief Justice.

Betty Leavell Realty Company (Betty Leavell), sued Grier H. Raggio to recover a real estate commission and obtained a judgment on a jury verdict for $8,400 plus interest and attorney fees. The court of appeals in an unpublished opinion reversed the judgment and remanded the cause for a new trial, because the trial court, in error, cast the burden of proof on a controlling issue upon the defendant Raggio. We granted the application for writ of error, reversed the judgment of the court of appeals in a per curiam opinion and affirmed the judgment of the trial court. On motion for rehearing we withdraw our opinion. We now, after oral argument, affirm the judgment of the court of appeals remanding the cause for another trial.

Plaintiff Betty Leavell sued on a contract of sale that was signed by four parties.

Defendant Raggio signed as the seller of lots in Dallas. Ozanne Leasing Company, Inc., signed as the purchaser. Coldwell-Banker signed as the principal agent and Betty Leavell signed as cooperating agent. The contract of sale provided that both Coldwell-Banker and Betty Leavell would each receive three percent commission, for a total of six percent. Coldwell-Banker has assigned its rights to plaintiff Betty Leavell. The relevant parts of the contract are printed paragraph 14 and typewritten paragraph 17:

14. Seller agrees to pay the Real Estate Agent first named below (referred to herein as the "Principal Agent") for negotiating this contract a commission in cash equal to the following percent of the total sales price of the property computed as follows:

Coldwell-Banker—3%

Betty Leavell Realty Co.—3%, a total of 6% of the total sale price of the property

The Principal Agent's right to such commission shall irrevocably vest upon the execution of this contract, notwithstanding any subsequent termination or variation of this contract or any default by Seller or Purchaser, except that no commission shall be payable in the event that this contract should be terminated by Purchaser by reason of the destruction or damage beyond repair of the buildings and improvements located on the property, and except that if this contract is not consummated by reason of Purchaser's default and Seller does not elect to enforce specific performance, the commission shall not exceed one-half of the aforesaid cash deposit. Said commission shall be paid by Seller to the Principal Agent in Dallas, Texas, at the Closing (or in the event of default by Seller or Purchaser, then said commission shall be paid within ten days after the scheduled Closing date). The Principal Agent shall be entitled to apply any escrow deposit, to the extent necessary, toward payment of the commission payable to him hereunder; and any title company or other escrow agent is hereby authorized and directed to pay to the Principal Agent out of any escrow deposit made pursuant to this contract a sum equal to the commission payable to the Principal Agent hereunder. The Principal Agent may divide any commission payable hereunder with other licensed real estate brokers or salesmen, including any cooperating agent named below but, notwithstanding any such agreement for division of commissions. Seller shall be fully protected in paying all commissions payable hereunder solely to the Principal Agent.

17. This contract is subject to and contingent upon Purchaser securing satisfactory financing as described in Paragraph One of this contract. Purchaser shall be given 20 work days to secure said financing. If satisfactory financing cannot be secured, this contract shall become null and void and all earnest money shall be returned to purchaser.

The contract was dated April 9, 1979, and provided for a closing date on May 10, 1979. Prior to May 7, 1979, the last day for Ozanne to secure financing, Ozanne requested an extension of the twenty workday period. Raggio refused to grant an extension. On May 10, both Raggio and Ozanne agreed to terminate the contract. They, as well as Betty Leavell, agreed to the return of the $5,000 earnest money deposit.

Defendant Raggio defended against the action for the commission by pleading that the purchaser, Ozanne, failed to obtain financing within the twenty days required by Paragraph 17 and that the contract was nullified. Plaintiff Betty Leavell contended, however, that after Raggio refused to grant the extension, Betty Leavell on May 7, within time, notified Coldwell-Banker, Raggio's broker, that Ozanne had complied with the condition and obtained the financing. This was the dispute at trial, and the trial court submitted this special issue:

Do you find from a preponderance of the evidence that Ozanne Leasing Company, Inc. did not obtain satisfactory financing within twenty working days from the date of the contract?

The jury found that Ozanne did obtain the financing, but Defendant Raggio urged that the special issue erroneously cast the burden of proof upon him.

█ The defendant Raggio specially denied plaintiff Betty Leavell's allegation that Ozanne had complied with the condition precedent to Betty Leavell's recovery. By the provisions of Rule 54, Tex.R.Civ.P., upon pleading the performance or occurrence of conditions precedent, "the party so pleading ... shall be required to prove only such of them as are specifically denied by the opposite party." Because defendant Raggio specially denied the condition precedent in Betty Leavell's pleading, Betty Leavell had the burden to prove Ozanne's compliance with the contract's conditions.

█ The dispute in this case is whether the defendant Raggio preserved his objection to the trial court's erroneous submission of the issue or whether, as urged by Betty Leavell, he failed to preserve the error. The court of appeals held that defendant Raggio preserved his objection to the erroneous special issue, and we agree with that holding.

Betty Leavell says that we should reverse the judgment of the court of appeals because Raggio failed to get a ruling from the trial court on his objection to the issue. Rule 272, Tex.R.Civ.P., states the "judge shall announce his rulings ... before reading the charge to the jury." It is our opinion the trial judge did make his ruling.

Raggio objected to the special issues in these words:

> Defendant objects to submission of Special Issue Number 1 for the reason that said issue improperly places the burden of proof upon the Defendant in the case and respectfully requests that the issue read, "Do you find from a preponderance of the evidence that Ozanne Leasing Company, Incorporated obtained satisfactory financing within twenty days from the date of the contract? Answer, it obtained or it did not obtain."

\* \* \* \* \* \*

The Court: Defendants request for trial amendment is denied and requested special issues are denied.

Rule 272, Tex.R.Civ.P., permits oral objections that are dictated to the court reporter in the presence of the court and opposing counsel. The rule requires the judge to announce his ruling before reading the charge to the jury so that it can be included in the transcribed record of the objections. Betty Leavell says the trial court ruled only on the special issue that Raggio suggested as the way to correct the charge.

Raggio's objection made clear that the burden of proof in the proposed issue was wrong. He stated in one breath what was wrong and how it could be corrected. He stated the same objection in two ways. A common-sense reading of the objection and the court's ruling show that the trial court necessarily overruled the objection. Raggio and the court, as well as Betty Leavell, completely understood the nature of the objection and that it was denied.

Betty Leavell relies upon our decision in *Cogburn v. Harbour*, 657 S.W.2d 432 (Tex. 1983). There the dispute was over property rights, and the trial court had assumed the existence of a partnership. The defendant urged in the trial court that there should be an issue that asked about the existence of a partnership, and objected to the omission of such issue. The court made no ruling, said nothing, adjourned court until the next morning, and then submitted a charge that omitted the issue. As held in the per curiam opinion of this court, implied rulings on objections to a charge are not enough. *Cogburn v. Harbour*, 657 S.W.2d 432 (Tex.1983).

Betty Leavell also relies upon *Hernandez v. Montgomery Ward & Co.*, 652 S.W.2d 923 (Tex.1983). There counsel objected to a single issue that asked about both liability and damages. Counsel stated objections to which the court responded by saying, "All right" and "Yes." Counsel then submitted two special issues on which the trial court wrote "denied." This court held that a denial of the special issue did

not include action on the objection. In both *Hernandez* and *Cogburn* the court was silent about the objection to the charge. In this case, the court announced its ruling in a manner that addressed both the objection and the orally stated special issue.

We conclude, as did the court of appeals, that the trial court complied with the demands of Rule 272 and announced its ruling which rejected Raggio's objection to the trial court's misplacement of the burden of proof. We, therefore, affirm the judgment that remanded the cause for another trial with a correct special issue.

On remand there will still remain the question whether, as urged by Raggio, Betty Leavell would only be entitled to a recovery of three percent of the sales price instead of the full six percent. Defendant Raggio urges that paragraph 14 of the contract entitled the principal agent, Coldwell-Banker, only to a three percent commission and that Betty Leavell, as the cooperating agent, had no standing to claim a commission, except by reason of Coldwell-Banker's assignment of its three percent.

Paragraph 14 of the contract provided for an irrevocable total commission of six percent of the sales price upon execution of the contract. Although Betty Leavell's three percent share of the total commission as cooperating agent was stated, the liability of the seller was to pay the total commission to the principal agent. The last sentence of Section 14 states that the principal agent may divide the commission with any cooperating agent named below and the name of Betty Leavell Realty Co. was typed on the cooperating agent line. The sentence further states that the seller is fully protected by paying the full commissions to the principal agent. Coldwell-Banker assigned all its rights to commissions to Betty Leavell, making the seller liable for the total commission to Betty Leavell.

We affirm the judgment of the court of appeals in reversing the trial court's judgment and remanding the cause for another trial.