C.R. ROBINSON and Shirley Robinson, Appellants,

v.

E.I. du PONT de NEMOURS AND CO., INC., Appellee.

No. 2–93–251–CV.

Court of Appeals of Texas, Fort Worth.

July 6, 1994.

Rehearing Overruled Aug. 9, 1994.

---

Charles Kennedy, Arlington, for appellants.

Larry E. Cotten, David A. Lowrance, Kirkley Schmidt & Cotten, Fort Worth, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

WEAVER, Justice.

C.R. and Shirley Robinson sued E.I. du Pont de Nemours and Co., Inc. ("DuPont") under the Deceptive Trade Practices Act and for strict products liability. The Robinsons alleged their pecan orchard suffered damage as a result of continued use of the fungicide Benlate 50 DF, produced by DuPont. Acting upon a motion made by DuPont, the trial court excluded the testimony of the Robinsons' only expert witness on causation, Dr. Carl Whitcomb. After this action, the parties agreed to try the case nonjury, with the stipulation that in the event of reversal, a subsequent trial would be to the jury. At trial, the Robinsons again sought to introduce Dr. Whitcomb's testimony. The court denied the testimony, choosing to abide by its previous ruling. The Robinsons offered an informal bill of exception, and now seek relief from this Court, claiming the trial court abused its discretion in excluding Dr. Whitcomb's testimony. We agree with the Robinsons, and after finding that error was properly preserved, reverse and remand this cause for a new trial.

■ At the original hearing on DuPont's motion to exclude Dr. Whitcomb's testimony, the trial court found, as contained in the findings of fact, that Dr. Whitcomb's testimony: 1) was not grounded upon careful scientific methods and procedures; 2) did not demonstrate a careful scientific investigation upon which reliable conclusions could be based; 3 & 4) was not shown to be based on scientifically valid reasoning and methodology or have a reliable basis in the knowledge and experience of his discipline (horticulture); 5 & 6) was not based on theories and techniques that had been properly subjected to peer review and publication, and that there was no showing that they would have received any degree of acceptance within the relevant scientific community. At trial, the Robinsons again offered Dr. Whitcomb's testimony and the trial court sustained DuPont's objection leaving in effect its previous ruling granting the motion to exclude. The Robinsons offered an informal bill of exception pursuant to Texas Rule of Appellate Procedure 52(b). See TEX.R.APP.P. 52(b). Upon completion, DuPont again urged the court to continue upholding its prior ruling. The court responded:

All right. As I'm reading Rule 52(b) here in the Rules of Appellate Procedure, it appears to me there's very little the court needs to say—or the judge needs to say at this point except that I would like to

say that I am bearing in mind what Mr. Cotten has just referred to concerning objections, and that I feel like I do need to say something to the effect that as I have listened to the summarized version of the testimony by Dr. Whitcomb, to a certain extent it is inconsistent with his very specific testimony in the deposition.

And the—whoever's reading this record, such as the Court of Appeals, will have the opportunity to judge for themselves exactly what all the evidence is that's before the court and that's in the record. And I simply call attention to that fact.

DuPont claims this was not sufficient to preserve error on the bill because the court did not express a ruling on the bill; we disagree.

■ An informal bill of exception preserves error if: (1) an offer of proof is made before the court, the court reporter, and the opposing counsel, outside the presence of the jury[1]; (2) it is preserved as part of the statement of facts; (3) and it is made before the charge is read to the jury. *4M Linen & Uniform v. W.P. Ballard & Co.*, 793 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (opinion on reh'g). All of these requirements were met. From reading the record, it is uncertain whether the trial court, in saying "all right," was simply acknowledging DuPont's request to uphold its prior ruling, or was in answer to it. But the statement that follows makes it very clear that the trial court was making every attempt to follow the appellate rule and preserve the bill of exception for the appellate record. Because of this, we assume by a common-sense reading of the objection and the court's ruling that the trial court necessarily overruled the bill in keeping with its prior ruling. *Acord v. General Motors Corp.*, 669 S.W.2d 111, 114 (Tex.1984) and *Betty Leavell Realty Co. v. Raggio*, 669 S.W.2d 102, 104 (Tex.1984); *see also Guentzel v. Toyota Motor Corp.*, 768 S.W.2d 890, 897 (Tex. App.—San Antonio 1989, writ denied) (although no formal ruling appears in transcript, where record revealed a ruling on the prior objection to an expert witness and then a bill of exception was made at trial, error was preserved).

■ Having found error was properly preserved, the question that remains is whether the trial court abused its discretion in excluding Dr. Whitcomb's testimony. As the trial court has broad discretion in determining whether to allow expert testimony, the trial court's actions will not be disturbed on appeal absent a clear abuse of discretion. *McKinney v. National Union Fire Ins. Co.*, 747 S.W.2d 907, 910 (Tex.App.—Fort Worth 1988), *aff'd*, 772 S.W.2d 72 (Tex.1989).

Expert testimony is governed by Tex. R.Civ.Evid. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The expert evaluates the facts and his evaluation must meet three prerequisites:

> (1) A body of scientific, technical, or other specialized knowledge must exist that is pertinent to the facts in issue;
>
> (2) The witness must have sufficient experiential capacity in his field of expertise. This capacity encompasses knowledge, skill, experience, training, and education;
>
> (3) The facts evaluated must be within the witness' field of specialized knowledge.

*Guentzel*, 768 S.W.2d at 897. Generally, the question of whether a person is an expert witness is a discretionary matter left to the trial court. *Id.* Here, DuPont did not contest Dr. Whitcomb's qualifications, only his methodologies and the research upon which he would base his opinions. He would not have testified as a chemist, but as a horticulturalist with a doctorate in horticulture and plant ecology and agronomy who had been conducting research with regard to Benlate. His testimony would have been pertinent to the cause of the damage to the Robinsons' orchard and the connection, if any, of Benlate to that damage. In light of his qualifications and experience as revealed in the bill of exception, Dr. Whitcomb's testimony was relevant to causation and it was error of the

---

1. This last requirement is not applicable here, as    there was no jury.

trial court to exclude it. *See id.* at 899. The weight to be given his testimony or the credibility of Dr. Whitcomb as an expert witness, however, is to be determined by the trier of fact. *First City Bank–Farmers Branch v. Guex,* 659 S.W.2d 734, 739 (Tex.App.—Dallas 1983), *aff'd,* 677 S.W.2d 25 (Tex.1984).

Further, because the error of the trial court amounted to such a denial of the Robinsons' rights and probably caused the rendition of an improper judgment, harm is established and therefore, the error is reversible. TEX.R.APP.P. 81(b)(1). The judgment of the trial court is reversed and the cause is remanded for a new trial.