Diana BANKHEAD, M.D., Appellant

v.

Tim MADDOX d/b/a Maddox
Homes, Appellee.

No. 12–03–00025–CV.

Court of Appeals of Texas,
Tyler.

March 17, 2004.

Gregory D. Smith, Ken W. Good, for appellant.

Tim Maddox, pro se.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Diana Bankhead, M.D. ("Bankhead") appeals the trial court's judgment, which failed to award her reasonable attorney's fees despite the jury's finding Tim Maddox liable for breach of contract. Bankhead raises one issue on appeal. We affirm.

### BACKGROUND

Bankhead filed suit against Tim and Kim Maddox d/b/a Maddox Homes ("Maddox") alleging breach of contract and other claims arising out of the construction of her home. The jury found Tim Maddox liable for breach of contract and awarded damages. However, in response to the charge question concerning the amount Bankhead should be awarded to compensate her for reasonable attorney's fees she incurred, the jury answered zero. This appeal followed.

### FAILURE TO AWARD ATTORNEY'S FEES

In her sole issue, Bankhead argues that, having found Tim Maddox liable for breach of contract, and considering the evidence supporting the award of reasonable attorney's fees, the jury was prohibited from awarding a zero amount in attorney's fees. In support of her argument, Bankhead cites to the provisions of Texas Civil Practice and Remedies Code section 38.001 (Vernon 1997). However, as Maddox points out, in any action to recover damages arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods, the Residential Construction Liability Act ("RCLA") applies to the extent that there is any conflict between it and any other law. *See* TEX. PROP.CODE ANN. § 27.002 (Vernon Supp.2004).[1] Bankhead's pleadings reflect that she sought to recover damages arising from construction defects under a breach of contract theory. Therefore, the matter is governed, to the extent that there is a conflict of law, by the RCLA. *Id.*

Maddox argues that Bankhead has waived the issue by inadequately briefing it. The Texas Rules of Appellate Procedure set forth the required contents and organization of an appellant's brief. *See* TEX.R.APP. P. 38.1. The appellant's brief must state concisely all issues or points presented for review. TEX.R.APP. P. 38.1(e). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which complaint is made. *Maida v. Fire Ins. Exchange,* 990 S.W.2d 836, 839 (Tex.App.-Fort Worth 1999, no pet.). Moreover, in support of an issue, the appellant's brief must contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP. P. 38.1(h).

In its review of a civil matter, an appellate court has no discretion to fabricate an issue not raised in the appellant's

---

1. The RCLA was amended in 2003. To the extent that there is no substantive change of law germane to this appeal, for ease of reference, we will cite to the current statute.

brief, even though the court may perceive that the ends of justice require such a course. *See Krumb v. Porter*, 152 S.W.2d 495, 496 (Tex.Civ.App.-San Antonio 1941, writ ref'd). Moreover, issues raised for the first time in a reply brief may not be considered, except perhaps in exceptional cases. *Id.* at 496–97; *see also Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex.1996) (court declined to consider issue first raised in reply brief); *López v. Montemayor*, No. 04–03–00174–CV, 2003 WL 22714742, *6, 131 S.W.3d 54, 61 (Tex.App.-San Antonio 2003, no pet.) (not yet released for publication) (reply brief is not intended to allow an appellant to raise new issues); *Green Light Co. v. Moore*, 485 S.W.2d 360, 364 (Tex.Civ.App.-Houston [14th Dist.] 1972, no writ) (new grounds for reversal set forth in appellants' second brief may not be considered); *Colorado River Western Ry. v. Texas & N.O.R. Co.*, 283 S.W.2d 768, 771, n. 2 (Tex.Civ.App.-Austin 1955, writ ref'd n.r.e.) (issues not made in appellant's original brief are waived and will not be considered by appellate court, though raised in appendix to appellants' amended and reply brief).

The totality of Bankhead's argument in support of her sole issue concerns the application of Texas Civil Practice and Remedies Code, section 38.001. Bankhead contends that "once the jury finds that a party should prevail on a claim upon which attorneys' fees are mandated, the only question remaining for the jury is the reasonable value of the attorney's fees and not whether they should be awarded." In further support of her issue, Bankhead cites *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15 (Tex.App.-Tyler 2000, pet. de-nied), *Holland v. Wal–Mart Stores*, 1 S.W.3d 91 (Tex.1999), *Satellite Earth Stations East v. Davis*, 756 S.W.2d 385 (Tex. App.-Eastland 1988, writ denied), and *First Texas Sav. Ass'n of Dallas v. Dicker Center, Inc.*, 631 S.W.2d 179, 188 (Tex. App.-Tyler 1982, no writ).

The RCLA conflicts with Texas Civil Practice and Remedies Code, section 38.001 in that the RCLA contains limitations to the recovery of attorney's fees.[2] None of the cases cited by Bankhead in her brief concern the recovery of attorney's fees under the RCLA. In her sole issue, Bankhead claims, generally, an entitlement to attorney's fees in an amount greater that the "zero" amount awarded by the jury. But Bankhead's claim for attorney's fees on appeal can only be understood when read in conjunction with her supporting argument. Bankhead's argument and supporting authorities in her original brief ignore controlling law and proceed under the theory that, given the evidence concerning the reasonableness and necessity of Bankhead's attorneys' fees, once the jury found liability, the attorneys' fees she sought "were mandated."

Once Maddox addressed the limitations on attorney's fees pursuant to the RCLA, Bankhead sought to salvage the issue in her reply brief. However, as Bankhead neglected to raise the issue and address the controlling authority related thereto in her original brief, we hold that she has waived the issue of her entitlement to attorney's fees under the RCLA. *See, e.g., Anderson Producing Inc.*, 929 S.W.2d at 424; *López*, 2003 WL 22714742 at *6, 131 S.W.3d at 60; *Moore*, 485 S.W.2d at 364; *Colorado River Western Ry.*, 283 S.W.2d

---

2. *Compare* Acts 1989, 71st Leg., ch. 1072, § 1, eff. Sept. 1, 1989. Amended by Acts 1993, 73rd Leg., ch. 797, § 5, eff. Aug. 30, 1993; Acts 1995, 74th Leg., ch. 414, § 10, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 189, § 5, eff. Sept. 1, 1999, *with* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997); *see also* TEX. PROP.CODE ANN. § 27.004(b) (Vernon Supp.2004).

at 771 n. 2; *see also* TEX.R.APP. P. 38.1(e) and (h). Bankhead has not directed us to any authority concerning exceptional circumstances applicable to this case, the possibility of which was referenced by the court in *Krumb*. Moreover, we are unaware of the existence of any such exceptional circumstances. Bankhead's sole issue is overruled.

### CONCLUSION

Having overruled Bankhead's sole issue, we *affirm* the trial court's judgment.

DeVASTO, J., not participating.