NO. 12-04-00028-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


TERRY GIBSON,                                               §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THOMAS BOCHOW, M.D. AND 
EAST TEXAS EYE CARE ASSOCIATES,      §     SMITH COUNTY, TEXAS
APPELLEES




MEMORANDUM OPINION
            Terry Gibson appeals following the trial court’s entry of its order granting Appellees Thomas
Bochow, M.D. and East Texas Eye Care Associates’ no-evidence motion for summary judgment. 
Gibson raises one issue on appeal. We affirm.

Background
            Gibson filed suit against Appellees alleging that Dr. Bochow committed medical negligence
during the administration of a retro bulbar injection prior to a scleral buckling procedure to repair
a detached retina in Gibson’s left eye, which caused nerve damage to the eye. Appellees objected
to the testimony of Gibson’s expert, Dr. John Maggiano, and filed a brief in support thereof. The
trial court sustained Appellees’ objection and excluded Dr. Maggiano’s testimony.
            On November 11, 2003, Appellees filed a no-evidence motion for summary judgment. In
their motion, Appellees argued that there was no evidence of record to support the issue of causation
because (1) the trial court had excluded Dr. Maggiano’s testimony, and (2) “no evidence from the
[record] indicate[s] that Dr. Bochow inserted the needle at the wrong angle....” The trial court
granted Appellees’ no-evidence motion for summary judgment, and this appeal followed.

Appeal From Trial Court’s Order Granting No-evidence Summary Judgment
            In his sole issue, Gibson argues that the trial court erred in sustaining Appellees’ objections
to Dr. Maggiano’s testimony. But even assuming arguendo that we were to sustain Gibson’s sole
issue, the outcome of the case would not differ.
            The appellant's brief must state concisely all issues or points presented for review. Tex. R.
App. P. 38.1(e); Bankhead v. Maddox, 135 S.W.3d 162, 163 (Tex. App.–Tyler 2004, no pet.). An
issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to
the error about which the complaint is made. See Bankhead, 135 S.W.3d at 163 (citing Maida v.
Fire Ins. Exchange, 990 S.W.2d 836, 839 (Tex. App.–Fort Worth 1999, no pet.)). Moreover, in
support of an issue, the appellant's brief must contain a clear and concise argument and appropriate
citations to authority and to the record. See Tex. R. App. P. 38.1(h). In its review of a civil matter,
an appellate court has no discretion to fabricate an issue not raised in the appellant's brief, even
though the court may perceive that the ends of justice require such a course. See Bankhead, 135
S.W.3d at 163–64; Krumb v. Porter, 152 S.W.2d 495, 496 (Tex. Civ. App.–San Antonio 1941, writ
ref'd). 
            Here, Gibson failed to raise an issue concerning whether the trial court erroneously granted
Appellees’ no-evidence motion for summary judgment and support such an issue with cogent
argument. Even if we were to agree with Gibson and hold that the trial court improperly sustained
Appellees’ objection to Dr. Maggiano’s testimony, such a decision on our part would not serve to
undo the trial court’s decision to grant Appellees’ no-evidence motion for summary judgment. 
Gibson bore the responsibility to frame the issues for his appeal, see Tex. R. App. P. 38.1(e), and we
cannot fabricate an issue that was not properly raised in Gibson’s brief. See Bankhead, 135 S.W.3d
at 163–64. 
            Moreover, Gibson has failed to appropriately support each of the declarations of fact in his
brief with proper citations to the record. The only arguable reference to the record directs this court
to testimony of Dr. Maggiano “beginning at page 27.” A party asserting error on appeal bears the
burden of showing that the record supports the contention raised and of specifying the place in the
record where matters upon which he relies or of which he complains are shown. See Sisters of
Charity of the Incarnate Word v. Gobert, 992 S.W.2d 25, 31 (Tex. App.–Houston [1st Dist.] 1997,
no pet.). Where this burden is not carried, the party waives the issue. Id. As an appellate court,
we are under no duty to make an independent search of the record for evidence supporting an
appellant's position. See Curtis v. Commission For Lawyer Discipline, 20 S.W.3d 227, 231 n.2
(Tex. App.–Houston [14th Dist.] 2000, no pet.). Gibson’s reference to the starting-point of a portion
of Dr. Maggiano’s testimony is too vague to meet the requirements of Rule 38.1(h).


 

Conclusion
            For the foregoing reasons, Gibson has waived the issue of whether the trial court improperly
granted Appellees’ no-evidence motion for summary judgment. As it has no bearing on the outcome
of the case, we need not reach Gibson’s sole issue concerning whether the trial court improperly
struck Dr. Maggiano’s testimony. We affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered September 8, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(PUBLISH)