# NO. 12-09-00150-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAN NITSCHKE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CIRCLE RIDGE PRODUCTION, INC.,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Dan Nitschke appeals from a judgment in a bench trial in which he sought a declaratory judgment that an oil and gas lease taken by Appellee Circle Ridge Production, Inc. was "invalid and unenforceable." In his sole issue, Nitschke argues that the trial court improperly granted Circle Ridge's no evidence motion for summary judgment. We affirm.

## BACKGROUND

In 1976, Karin H. Van Hovenberg conveyed by royalty deed to O.B. Mobley "all of her entire 8/8 Royalty Interest in and to" 105.8 acres of land in Smith County, Texas. The deed expressly stated that "the Grantee [Mobley] does not by these presents acquire any right to participate in the making of future oil and gas mining leases on the portion of said lands not at this date under lease, nor of participating in the making of future leases. . . ." The deed was recorded in the Smith County Clerk's office.

In 2001, Nitschke, as lessee, obtained an oil and gas lease from Janet Townsend, the attorney in fact for Karin H. Van Hovenberg by virtue of a power of attorney executed in 1996. The lease covered the 105.8 acre tract in Smith County and was known as the "Smith lease." The Smith lease had a primary term of ninety days and could thereafter be held by "operations" as defined in the lease or by paying "as [shut-in] royalty, a sum equal to one dollar ($1.00) for

each acre of land then covered hereby." The lease also required that shut-in royalty payments be made every ninety days and "shall be made to the parties who at the time of payment would be entitled to receive the royalties which would be paid under this lease if the wells are producing, and may be deposited in the <u>Direct to Lessor</u> Bank at <u>above address</u>. . . ."[1]

Nitschke had no actual knowledge of the royalty deed from Van Hovenberg to Mobley, and paid shut-in royalties to Van Hovenberg. In 2002, based on Nitschke's alleged failure to pay shut-in royalties to the proper party, Townsend, acting as Van Hovenberg's attorney in fact, leased the 105.8 acre tract to Circle Ridge. A dispute arose between Nitschke and Circle Ridge as to which of their respective leases was valid and enforceable. Nitschke sued Circle Ridge, seeking a declaratory judgment in his favor and the removal of the cloud on his title allegedly created by Circle Ridge's lease.

Over three years later, Circle Ridge filed a no evidence motion for summary judgment that does not appear to have been ruled on by the trial court. Instead, the parties proceeded to a bench trial on the merits and presented evidence, including the testimony of witnesses. After closing arguments, the trial court issued findings of fact and conclusions of law. The trial court concluded that Nitschke's lease lapsed because he "paid shut in royalties to the wrong person," his lease "lapsed 90 days after December 27, 2001," and consequently, Nitschke had no interest in the property. The trial court also concluded that Circle Ridge's lease was not shown to be "invalid and unenforceable," and as such, Circle Ridge's "after acquired lease does not create a cloud on [Nitschke's] title." Nitschke timely appealed.

## IMPROPER GRANT OF SUMMARY JUDGMENT

In his sole issue, Nitschke contends that it was reversible error for the trial court to grant the no evidence motion for summary judgment filed by Circle Ridge.

## Applicable Law

It is the appellant's burden to discuss his assertions of error. *Canton-Carter v. Baylor College of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). An appellate court has no duty, or even a right, to perform an independent review of the record and applicable law to determine whether there was error. *Id.* In other words, when reviewing a civil

---

[1] The underlined portions correspond to blank spaces in the lease that were filled in by the parties. The lease is a "Pound Printing Company Producers 88" form lease.

case, the appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require. ***Bankhead v. Maddox***, 135 S.W.3d 162, 163-64 (Tex. App.—Tyler 2004, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. ***Valadez v. Avitia***, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. ***Canton-Carter***, 271 S.W.3d at 931. In addition, an appellant's brief must also contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record. ***Id.***

## Discussion

Nitschke argues that the trial court erred in granting summary judgment in favor of Circle Ridge. Specifically, Nitschke argues that he presented more than a scintilla of evidence that the Smith lease required him to make shut-in royalty payments to Van Hovenberg. *See **King Ranch, Inc. v. Chapman***, 118 S.W.3d 742, 750-51 (Tex. 2003) (no evidence motion for summary judgment improperly granted if nonmovant presents more than scintilla of probative evidence to raise genuine issue of material fact). Alternatively, he argues that he presented sufficient evidence that the lease required him to make the royalty payments to the royalty owner, a person other than Van Hovenberg, but his failure to do so was the fault of the Van Hovenberg. *See **Amber Oil & Gas Co. v. Bratton***, 711 S.W.2d 741, 743 (Tex. App.—Austin 1986, no writ) (stating in dicta that strict compliance with clause relating to payment of shut-in royalties rule does not apply "when the lessor is in some way to blame for the mistaken payment").

However, the trial court did not grant Circle Ridge's no evidence motion for summary judgment. Rather, the court held a bench trial during which both parties presented testimony from live witnesses. Furthermore, after the conclusion of argument, the court issued written findings of fact and conclusions of law.[2] In his brief, Nitschke does not challenge any of these findings and conclusions. Instead, he recites the no evidence summary judgment standard of

---

[2] Nitschke's and Circle Ridge's counsel signed and filed a joint proposed pretrial order, although the record does not show that the trial court signed that order. However, the findings of fact exactly track the language of the stipulated facts in the joint proposed order. Furthermore, Nitschke's counsel stated at the bench trial as follows:

> And we're here today to ask the Court to hear the facts and make a determination based on the law. And we think, Your Honor, that the facts are pretty much uncontroverted. In fact, I don't know of any real dispute as to the facts. The issue's going to be what the law is as it relates to the undisputed facts.

review and analyzes his two arguments under that standard from his perspective as the nonmovant. Thus, he complains of a ruling that the trial court did not make.

Nitschke has failed to present a justiciable issue to this court. Circle Ridge addressed this deficiency in its brief, and it also filed its "Rule 42.3 Motion to Affirm or Dismiss Appeal" on the same grounds. *See* TEX. R. APP. P. 42.3(b)-(c). Yet Nitschke did not seek additional time to correct the briefing error. We acknowledge that we have the concomitant duty to address every issue fairly raised by the brief. TEX. R. APP. P. 38.1(f). However, Nitschke's brief does not fairly challenge the trial court's findings of fact and conclusions of law, nor does he argue why the trial court should be reversed under the more stringent standard of review that applies when findings of fact and conclusions of law are challenged. *See **Daniel v. Falcon Interest Realty Corp.***, 190 S.W.3d 177, 184 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that findings of fact after bench trial have same weight as jury's verdict, unchallenged findings of fact are conclusive, and challenged findings are reviewed under traditional legal and factual sufficiency standards of review; conclusions of law are reviewed de novo but upheld on any legal theory supported by the evidence). It is not this court's duty to review the record, research the law, and then fashion a legal argument for Nitschke when he has failed to do so. *See **Canton-Carter***, 271 S.W.3d at 931-32. Accordingly, we overrule Nitschke's sole issue.

## DISPOSITION

We ***affirm*** the judgment of the trial court. We overrule Circle Ridge's "Rule 42.3 Motion to Affirm or Dismiss Appeal" as moot.

**SAM GRIFFITH**
Justice

Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4