NO. 12-09-00150-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DAN NITSCHKE,                                         §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

CIRCLE RIDGE PRODUCTION,
INC.,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







            MEMORANDUM
OPINION

            Appellant
Dan Nitschke appeals from a judgment in a bench trial in which he sought a
declaratory judgment that an oil and gas lease taken by Appellee Circle Ridge
Production, Inc. was “invalid and unenforceable.”  In his sole issue, Nitschke
argues that the trial court improperly granted Circle Ridge’s no evidence
motion for summary judgment.  We affirm.

 

Background

In
1976, Karin H. Van Hovenberg conveyed by royalty deed to O.B. Mobley “all of
her entire 8/8 Royalty Interest in and to” 105.8 acres of land in Smith County,
Texas.  The deed expressly stated that “the Grantee [Mobley] does not by these
presents acquire any right to participate in the making of future oil and gas
mining leases on the portion of said lands not at this date under lease, nor of
participating in the making of future leases. . . .” The deed was recorded in
the Smith County Clerk’s office.

In
2001, Nitschke, as lessee, obtained an oil and gas lease from Janet Townsend,
the attorney in fact for Karin H. Van Hovenberg by virtue of a power of
attorney executed in 1996.  The lease covered the 105.8 acre tract in Smith
County and was known as the “Smith lease.”  The Smith lease had a primary term
of ninety days and could thereafter be held by “operations” as defined in the
lease or by paying “as [shut-in] royalty, a sum equal to one dollar ($1.00) for
each acre of land then covered hereby.”  The lease also required that shut-in
royalty payments be made every ninety days and “shall be made to the parties
who at the time of payment would be entitled to receive the royalties which
would be paid under this lease if the wells are producing, and may be deposited
in the Direct to Lessor Bank at above address. . . .”[1]


Nitschke
had no actual knowledge of the royalty deed from Van Hovenberg to Mobley, and
paid shut-in royalties to Van Hovenberg.  In 2002, based on Nitschke’s alleged
failure to pay shut-in royalties to the proper party, Townsend, acting as Van
Hovenberg’s attorney in fact, leased the 105.8 acre tract to Circle Ridge.  A
dispute arose between Nitschke and Circle Ridge as to which of their respective
leases was valid and enforceable.  Nitschke sued Circle Ridge, seeking a
declaratory judgment in his favor and the removal of the cloud on his title allegedly
created by Circle Ridge’s lease. 

Over
three years later, Circle Ridge filed a no evidence motion for summary judgment
that does not appear to have been ruled on by the trial court.  Instead, the
parties proceeded to a bench trial on the merits and presented evidence,
including the testimony of witnesses.  After closing arguments, the trial court
issued findings of fact and conclusions of law.  The trial court concluded that
Nitschke’s lease lapsed because he “paid shut in royalties to the wrong person,”
his lease “lapsed 90 days after December 27, 2001,” and consequently, Nitschke
had no interest in the property. The trial court also concluded that Circle
Ridge’s lease was not shown to be “invalid and unenforceable,” and as such,
Circle Ridge’s “after acquired lease does not create a cloud on [Nitschke’s]
title.”  Nitschke timely appealed.

 

Improper Grant of Summary Judgment

            In
his sole issue, Nitschke contends that it was reversible error for the trial
court to grant the no evidence motion for summary judgment filed by Circle
Ridge.

Applicable
Law

It
is the appellant’s burden to discuss his assertions of error.  Canton-Carter
v. Baylor College of Med., 271 S.W.3d 928, 930 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  An appellate court has no duty, or even a right, to
perform an independent review of the record and applicable law to determine
whether there was error.  Id.  In other words, when reviewing a
civil case, the appellate court has no discretion to consider an issue not
raised in the appellant’s brief, even if the ends of justice so require.  Bankhead
v. Maddox, 135 S.W.3d 162, 163-64 (Tex. App.—Tyler 2004, no pet.).  Were
we to do so, we would be abandoning our role as neutral adjudicators and become
an advocate for that party.  Valadez v. Avitia, 238 S.W.3d 843,
845 (Tex. App.—El Paso 2007, no pet.). 

An
issue presented for appellate review is sufficient if it directs the reviewing
court’s attention to the error about which the complaint is made.  Canton-Carter,
271 S.W.3d at 931.  In addition, an appellant’s brief must also contain a clear
and concise argument that includes appropriate citations to legal authority and
the appellate record.  Id.

Discussion

Nitschke
argues that the trial court erred in granting summary judgment in favor of Circle
Ridge. Specifically, Nitschke argues that he presented more than a scintilla of
evidence that the Smith lease required him to make shut-in royalty payments to
Van Hovenberg.  See King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
750-51 (Tex. 2003) (no evidence motion for summary judgment improperly granted
if nonmovant presents more than scintilla of probative evidence to raise
genuine issue of material fact).  Alternatively, he argues that
he presented sufficient evidence that the lease required him to make the
royalty payments to the royalty owner, a person other than Van Hovenberg, but
his failure to do so was the fault of the Van Hovenberg.  See Amber
Oil & Gas Co. v. Bratton, 711 S.W.2d 741, 743 (Tex. App.—Austin
1986, no writ) (stating in dicta that strict compliance with clause relating to
payment of shut-in royalties rule does not apply “when the lessor is in some
way to blame for the mistaken payment”). 

However,
the trial court did not grant Circle Ridge’s no evidence motion for summary
judgment.  Rather, the court held a bench trial during which both parties
presented testimony from live witnesses.  Furthermore, after the conclusion of
argument, the court issued written findings of fact and conclusions of law.[2]  
In his brief, Nitschke does not challenge any of these findings and
conclusions.  Instead, he recites the no evidence summary judgment standard of
review and analyzes his two arguments under that standard from his perspective
as the nonmovant.  Thus, he complains of a ruling that the trial court did not
make. 

Nitschke
has failed to present a justiciable issue to this court.  Circle Ridge
addressed this deficiency in its brief, and it also filed its “Rule 42.3 Motion
to Affirm or Dismiss Appeal” on the same grounds.  See Tex. R. App. P. 42.3(b)-(c).  Yet
Nitschke did not seek additional time to correct the briefing error. We
acknowledge that we have the concomitant duty to address every issue fairly
raised by the brief.  Tex. R. App. P.
38.1(f).  However, Nitschke’s brief does not fairly challenge the trial court’s
findings of fact and conclusions of law, nor does he argue why the trial court
should be reversed under the more stringent standard of review that applies
when findings of fact and conclusions of law are challenged.  See Daniel
v. Falcon Interest Realty Corp., 190 S.W.3d 177, 184 (Tex. App.—Houston
[1st Dist.] 2005, no pet.) (holding that findings of fact after bench trial
have same weight as jury’s verdict, unchallenged findings of fact are
conclusive, and challenged findings are reviewed under traditional legal and
factual sufficiency standards of review; conclusions of law are reviewed de
novo but upheld on any legal theory supported by the evidence).  It is not this
court’s duty to review the record, research the law, and then fashion a legal
argument for Nitschke when he has failed to do so.  See Canton-Carter,
271 S.W.3d at 931-32.  Accordingly, we overrule Nitschke’s sole issue. 

 

Disposition

            We affirm
the judgment of the trial court.  We overrule Circle Ridge’s “Rule 42.3 Motion
to Affirm or Dismiss Appeal” as moot.

 

                                                                                                Sam Griffith

                                                                                                          
Justice

 

 

Opinion delivered May 5, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)









                [1]
The underlined portions correspond to blank spaces in the lease that were
filled in by the parties. The lease is a “Pound Printing Company Producers 88”
form lease.
 





                [2]
Nitschke’s and Circle Ridge’s counsel signed and filed a joint proposed pretrial
order, although the record does not show that the trial court signed that
order.  However, the findings of fact exactly track the language of the
stipulated facts in the joint proposed order.  Furthermore, Nitschke’s counsel
stated at the bench trial as follows:

 

And we’re here today to ask the Court to hear the
facts and make a determination based on the law. And we think, Your Honor, that
the facts are pretty much uncontroverted. In fact, I don’t know of any real
dispute as to the facts. The issue’s going to be what the law is as it relates
to the undisputed facts.