02-11-260-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00260-CV

 

 


 
 
 Avonda Fox, Individually and as Next Friend to
 Jacob Fox
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Carla Brown, in her Official AND INDIVIDUAL
 Capacity; Crystal Young, in her Official and Individual Capacity; Georgia
 Traylor, in her Official and Individual Capacity; Lona Mathis, in her
 Official and Individual Capacity; AND MELODY NALLS, IN HER OFFICIAL AND
 INDIVIDUAL CAPACITY
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 48th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Avonda Fox appeals from the trial court’s grant of the plea to the jurisdiction
asserted by Appellees Carla Brown, Crystal Young, Georgia Traylor, Lona Mathis,
and Melody Nalls.  Fox does not challenge the sole basis for the trial court’s
grant of the plea to the jurisdiction, and we therefore affirm.

Fox
brought this suit for wrongful death and negligence as next friend of Jacob
Fox, her son, after he died as a result of being left for a number of hours in
a closed van at his day care on July 20, 2006.  The day care was licensed by
the Texas Department of Family and Protective Services through its Child Care
Licensing Division.

Fox’s
original petition named Appellees as defendants in their official and individual
capacities, as well as other individuals not involved in this appeal.  Appellees
were all employees of the Child Care Licensing Division at the time of Jacob’s
death.  Fox subsequently amended her petition to sue Appellees in their
individual capacities only.

Appellees
filed a third amended plea to the jurisdiction in which they asserted that
Fox’s claims should be dismissed for lack of standing on the ground that the
pleadings did not allege a causal connection between the injury and conduct
complained of because the injury was the result of the independent action of a
third party.  Appellees also asserted that Fox’s claims against them should be
dismissed in accordance with subsections 101.106(a) and (e) of the civil
practice and remedies code.[2]

In
March 2011, the trial court granted Appellees’ plea to the jurisdiction, and in
April, the court entered final judgment dismissing all of Fox’s claims.  The
order states that “all claims against [Appellees] in their individual
capacities only regarding standing asserted in [Appellees’] Third
Amended Plea to the Jurisdiction are granted . . . , and
any [Appellee] whose Plea is granted is dismissed from this case with
prejudice.” [Emphasis added.]  Other defendants not involved in this appeal
were nonsuited.  In its final judgment, the trial court referenced this order,
stating that after having granted Appellees’ third amended plea to the
jurisdiction, “all claims against all parties to this litigation have now been
resolved.”  Accordingly, the trial court ordered that Fox take nothing and
dismissed all of her causes of action with prejudice.  Fox now appeals.

In
her only issue on appeal, Fox argues that section 101.106 as applied in this
case violates the open courts provision of the Texas Constitution.[3] 
Fox did not make this argument in the trial court,[4]
but she urges this court to consider it nevertheless.  Fox does not, however,
challenge the trial court’s determination that her claims fail for lack of
standing.

We
may not reverse a judgment on appeal based on trial court error unless we
conclude that the error either probably caused the rendition of an improper
judgment or probably prevented the appellant from properly presenting the case
to the court of appeals.[5]  Even if the application
of section 101.106 would have violated the open courts provision in this case,
the trial court did not actually base its decision on that section.  Because
the trial court did not commit the error Fox complains of, we cannot say that
the error probably caused the rendition of an improper judgment or probably
prevented Fox from properly presenting her case on appeal.  Fox makes no
argument that the trial court erred by dismissing her claims on the basis of
standing, and we are prohibited from making the argument for her and from
reversing the judgment on that ground.[6]  Accordingly, we are
compelled to overrule Fox’s sole issue.

Having
overruled Fox’s sole issue, we affirm the trial court’s judgment dismissing
Fox’s claims.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  December 15,
2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106 (West 2005).





[3]See Tex. Const.
art. I, § 13.





[4]See Tex. R. App. P.
33.1(a); Matter of D.T.M., 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996,
no writ) (“Even constitutional arguments are waived at the appellate level if
issues were not before the trial court.”).





[5]See Tex. R. App. P.
44.1(a).





[6]See Pat Baker
Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (“It is axiomatic that an
appellate court cannot reverse a trial court’s judgment absent properly
assigned error.”); Bankhead v. Maddox, 135 S.W.3d 162, 163–64 (Tex.
App.—Tyler 2004, no pet.) (“In its review of a civil matter, an appellate court
has no discretion to fabricate an issue not raised in the appellant’s brief,
even though the court may perceive that the ends of justice require such a
course.”).