# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00192-CV

**Dessie Maria Andrews and Rhett Webster Pease, Appellants**

**v.**

**First National Bank of Giddings, Appellee**

### FROM THE COUNTY COURT OF LEE COUNTY
### NO. 3014, HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee First National Bank of Giddings foreclosed on a house owned by a relative of appellant Rhett Webster Pease and obtained a writ of possession of the property. Pease and his mother, Dessie Maria Andrews, then obtained from the justice court of Lee County an ex parte emergency writ of reentry ordering the Bank to release possession of the property.[1]  Thereafter, the Bank appealed to the county court seeking to have the writ vacated.[2]  The county court granted the

---

[1]  Although the record is not clear, apparently Pease was living on the property at the time the writ of possession was obtained by the Bank.

[2]  The Bank also filed in the county court a motion to dismiss in which it notified the county court that Pease had previously been declared a vexatious litigant and had not complied with section 11.103 of the Texas Civil Practice and Remedies Code before filing the application for emergency writ.  By order dated January 5, 2004, the 335th District Court of Lee County deemed Pease a vexatious litigant and ordered that he be prohibited from filing any further litigation in a court of this State unless he had been granted permission by the local administrative judge of the court in which he intends to file further litigation.  Since that time, the Texas Office of Court Administration has included Pease on its "List of Vexatious Litigants Subject to Prefiling Orders under Section 11.101, Civil Practice and Remedies Code," *available at* www.txcourts.gov/oca/vexatiouslitigants.asp.

Bank's motion to vacate the writ of reentry without considering the vexatious-litigant issues raised in its motion to dismiss. Pease—but not Andrews—filed a notice of appeal of the county court's September 10, 2009 order granting the Bank's motion to vacate writ of reentry. The appeal was docketed in this Court as number 03-09-00551-CV.

The Bank moved this Court to dismiss, or alternatively to abate, Pease's appeal based on his failure to comply with the procedural requirements of the vexatious-litigant statute. We abated the appeal and remanded the cause to the county court to address the implications of the vexatious-litigant provisions in chapter 11 of the civil practice and remedies code.

On February 22, 2011, the county court forwarded to this Court its order granting the Bank's motion to dismiss. The order recites:

> Rhett Webster Pease has been adjudicated as a vexatious litigant by Order of Judge Flenniken in January 2005. First National Bank of Giddings has given the proper notice under Chapter 11 of the Texas Civ. Prac. & Rem. Code and Mr. Pease has failed to file an order from the local administrative judge under Section 11.102 permitting the filing of this litigation. Based thereon, the above-captioned cause is DISMISSED.

After this Court reinstated Pease's appeal in docket number 03-09-00551-CV, Pease and Andrews each filed a notice of appeal from the county court's February 22, 2011, dismissal order, which this Court docketed as number 03-11-00192-CV. The sole issue in this appeal is whether the trial court erred in dismissing the underlying litigation due to Pease's status as a vexatious litigant.[3]

---

[3] To the extent Andrews and Pease attempt to raise issues regarding the merits of the September 10, 2009 order vacating the writ of reentry, such arguments are misplaced in this appeal, which challenges only the February 22, 2011, dismissal order.

2

Section 11.103 of the civil practice and remedies code provides that the clerk of a court of this state "may not file a litigation presented by a vexatious litigant subject to a prefiling order under section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing." Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (West Supp. 2011). If the clerk mistakenly allows litigation to be initiated without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to the prefiling order under section 11.101. *Id.* § 11.103(b) (West Supp. 2011). "On the filing of the notice, the court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local administrative judge under Section 11.102 permitting the filing of the litigation." *Id.* Here, the trial court found, and Pease does not dispute, that the Bank gave the proper notice and that Pease failed to obtain and file an order from the local administrative judge permitting him to file his application for writ of reentry.

Pease contends, however, that the vexatious-litigant statute does not apply to him in this instance. Because his application for writ of reentry was filed after the Bank had foreclosed on the property and obtained a writ of possession, he argues that his application did not constitute a "new litigation." We disagree. In October 2006, the Bank obtained a judgment from the 335th District Court of Lee County declaring it to be the owner and title holder of the property and ordering Crae Robert Pease and Rhett Webster Pease to vacate the premises. Rhett Webster Pease appealed that judgment, but that appeal was ultimately dismissed for want of prosecution. *See Pease v. First Nat'l Bank,* No. 03-07-00141-CV, 2008 WL 6630124 (Tex. App.—Austin Feb. 21, 2008, no pet.)

3

(mem. op.). When Pease failed to vacate the property as ordered, the Bank obtained a writ of possession and, pursuant to that writ, entered the property and changed the locks. Rather than vacate the property, Pease then filed an application for emergency writ of reentry pursuant to provisions of the property code, claiming to be entitled to such relief because he was the "tenant" and that his "landlord" had wrongfully disconnected utility service to the house. Although Pease contends that this litigation was not an original action, it plainly was. The application did not challenge the Bank's ownership of the property, which was the basis of its right to possession. Rather, the application stated, without explanation and apparently incorrectly, that Pease was the Bank's tenant and that the application was "brought pursuant to Texas Property Code § 92.008. Interruption of Utilities" and "pursuant to Texas Property Code § 92.0081. Removal of Property and Exclusion of Residential Tenant." We hold that Pease's filing of an emergency application for writ of reentry in the justice court based on his claim to be the Bank's tenant constituted "a new litigation in a court in this state." Because Pease had previously been deemed a vexatious litigant, he was required to obtain an order permitting him to file the application. When he failed to do so, dismissal of the litigation was mandatory, and the trial court did not err in doing so. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103(b).[4] Consequently, we affirm the trial court's dismissal order.

---

[4] Although the Bank did not assert that Andrews has been deemed a vexatious litigant, appellants' brief in this appeal does not argue that the dismissal was improper as to her for that reason. Consequently, any such complaint has been waived. *See* Tex. R. App. P. 38.1(e); *Bankhead v. Maddox*, 135 S.W.3d 162, 163-64 (Tex. App.—Tyler 2004, no pet.) (appellate court has no discretion to fabricate issue not raised in appellant's brief).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   May 25, 2012