**Affirm and Opinion filed November 28, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00893-CV

## ROBERT J. COLLINS, Appellant

## V.

## CHRIS GREEN, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-17367**

# MEMORANDUM OPINION

Before Justices Richter, Lang-Miers, and Myers
Opinion By Justice Lang-Miers

Pro se appellant/attorney Robert J. Collins appeals from a post-answer default judgment rendered against him in a legal malpractice lawsuit. In his sole issue on appeal, he contends that the trial court abused its discretion by denying his motion for new trial. We affirm the trial court's judgment.

Appellee Chris Green filed a lawsuit against appellant, his attorney, alleging claims for professional negligence and breach of fiduciary duty. Although appellant filed an answer, he did not appear for trial.[1] Green tried his case to the court. He testified that he paid appellant $1,500 to file

---

[1] The final judgment states that appellant appeared pro se and announced ready for trial. The record shows, however, that he did not appear. The conflict between the final judgment and the record does not affect our analysis.

a lawsuit on his behalf against Milan Boyanich, a California resident with whom Green had a dispute, seeking the return of $30,000 Green paid Boyanich in a deal that fell through. Green testified that he also agreed to pay appellant a percentage of his recovery. Green testified that appellant filed the lawsuit against Boyanich in Dallas County and attempted to serve Boyanich by mail, but the citation was returned undelivered. Appellant never served Boyanich, and the trial court eventually dismissed the case for want of prosecution. Appellant told Green on numerous occasions, even after the lawsuit had been dismissed, that he was still trying to serve Boyanich. Appellant never tried to have the court reinstate the case after it was dismissed and, by the time Green learned about the dismissal, his claim was time barred. After hearing the evidence, the trial court ruled in favor of Green and rendered judgment against appellant in the amount of $31,500 plus pre- and post-judgment interest. Appellant filed a motion for new trial, which was overruled by operation of law.

On appeal, appellant raises a single issue:

> Whether or not the Trial Court abused it's [sic] discretion in not granting Appellant's Motion for New Trial because Appellee failed to prove an element of his cause of action for professional negligence.

Appellant contends that the judgment must be reversed because Green did not prove that the damages in the underlying case would have been collectible. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009) (stating when plaintiff sues his lawyer alleging lawyer improperly represented him in another case, he "must prove and obtain findings as to the amount of damages that would have been recoverable and collectible if the other case had been properly prosecuted"). We do not need to decide that issue, however, because appellant did not challenge all independent grounds upon which the judgment could have been rendered. *See Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment."); *see also Fed. Deposit Ins. Corp.*

*v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party . . . waives an argument on appeal, an appellate court may not consider the . . . waived issue.").

Green alleged claims against appellant for professional negligence and breach of fiduciary duty. The judgment did not state the specific claim upon which it was granted. Consequently, appellant must challenge each independent ground supporting the judgment. *See Lenk*, 361 S.W.3d at 604; *Britton*, 95 S.W.3d at 681. In his brief, however, appellant does not cite the standard of review for a claim for breach of fiduciary duty, does not perform an analysis of the evidence on that issue, and does not otherwise indicate that he is complaining about the evidence on that claim. Because appellant did not attack all independent grounds supporting the judgment, we affirm the trial court's judgment. *See Lenk*, 361 S.W.3d at 604; *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (appellate court generally cannot reverse for reason not assigned as error on appeal); *Dallas Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 56–57 (Tex. App.—Dallas 2012, pet. denied) (op. on reh'g) ("an appellate court has no discretion to fabricate an issue not raised in the appellant's brief") (quoting *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.)).

The trial court's judgment is affirmed.

ELIZABETH LANG-MIERS
JUSTICE

110893F.P05

–3–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT J. COLLINS, Appellant

No. 05-11-00893-CV      V.

CHRIS GREEN, Appellee

Appeal from the 134th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
09-17367).
Opinion delivered by Justice Lang-Miers,
Justices Richter and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellee Chris Green recover his costs of this appeal from
appellant Robert J. Collins.

Judgment entered November 28, 2012.


ELIZABETH LANG-MIERS
JUSTICE