ACCEPTED
01-14-00290-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 11:39:56 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00290-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 11:39:56 AM
CHRISTOPHER A. PRINE
Clerk

WARWICK OIL & GAS, INC., WARWICK OIL & GAS, INC.,
RESERVE ROYALTY CORPORATION, THOMAS CHRISTOPHER
KNOWLES, and FRAN MICHAEL

V.

FSB PROPERTIES, INC.

On Appeal from Trial Court Cause Number 2012-33816 in the 164th
Judicial District of Harris County, Texas
The Honorable Alexandra Smoots-Hogan, Presiding

APPELLANTS' SUPPLEMENTAL RESPONSE TO APPELLEE'S
MOTION TO STRIKE REPLY BRIEF AND APPELLANTS' MOTION
TO SUPPLEMENT ORIGINAL BRIEF

Thomas P. Nixon
State Bar No. 24048692
6009 Richmond Ave. Suite 208
Houston, TX 77057
Tel: (713) 893-4439
Fax: (888) 591-6924
Attorney for Appellants

# TABLE OF CONTENTS

Table of Contents ...................................................................................i

Index of Authorities.............................................................................ii

I. It is well established that a party's pleading is to be construed liberally ...........1

II. The present case is distinguishable from *Green*, *Bankhead*, and *N.P.*...............2

III. The arguments concerning the summary judgment and the final judgment of the trial court.......................................................................................4

IV. The appeal from the April 2, 2014 judgment..................................................6

V. Alternatively, Appellants ask for leave to supplement their Original Brief .....7

Conclusion ........................................................................................9

# INDEX OF AUTHORITIES

**Cases**

*Bankhead v. Maddox*, 135 S.W.3d 162 (Tex. App.—Tyler 2004, no pet.)2, 3, 4, 7

*Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279 (Tex. 1994) ....................................................................................8

*Green v. Quality Dialysis One, LP*, No. 14-05-01247-CV (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, no pet.) (memorandum opinion)...2, 4, 6

*Hagberg v. City of Pasadena*, 224 S.W.3d 477 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ..............................................................1

*Malcomson Road Utility Dist. v. Newsom*, 171 S.W.3d 257 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) .................................................5

*N.P. v. Methodist Hosp.*, 190 S.W.3d 217 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ............................................................ 2, 3, 4

*Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62 (Tex. 1998) .....................................................................................8

*Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex. 1989) ......................1

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991) ...........................................................................5

**Rules**

TEX. R. APP. PRO. 38.7.........................................................7

TEX. R. CIV. PRO. 166a(i) (2014) .........................................4

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes Warwick Oil & Gas, Inc., Texas, Warwick Oil & Gas, Inc., Oklahoma, Reserve Royalty Corporation, Thomas Christopher Knowles, and Fran Michael, Appellants in the above titled and numbered cause, and, pursuant to Rules 10.1(b) and 38.7 of the Texas Rules of Appellate Procedure, file their Supplemental Response to Appellee's Motion to Strike Reply Brief and Motion to Supplement Original Brief in support thereof would respectfully show this Court the following:

## ARGUMENT

### I. It is well established that a party's pleading is to be construed liberally

At the outset, Appellants would again argue that a party's pleading is to be construed liberally. *See generally Hagberg v. City of Pasadena*, 224 S.W.3d 477, 480 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (writing that a point "is not waived if it is raised within the body of the brief.") A liberal interpretation of a party's pleadings and briefs ensures "a just, fair, and equitable adjudication." *Id.* (quoting *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)). Appellants would ask this Court to interpret their Original Brief liberally.

1

## II. The present case is distinguishable from *Green*, *Bankhead*, and *N.P.*

Three cases relied upon by Appellee—*Green v. Quality Dialysis One, LP*, No. 14-05-01247-CV (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, no pet.) (memorandum opinion), *Bankhead v. Maddox*, 135 S.W.3d 162 (Tex. App.—Tyler 2004, no pet.), and *N.P. v. Methodist Hosp.*, 190 S.W.3d 217 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)—concerning the introduction of new issues in an appellant's reply brief are all distinguishable from the present case.

In *Green*, the appellant's original brief argued that the trial court erred in granting summary judgment for the appellee because the appellant "was not allowed adequate time for discovery" and in determining that the appellant was not an at-will employee. *Green*, No. 14-05-01247-CV. Later, in his reply brief, the appellant challenged the summary judgment based on the merits of the claim—i.e., he challenged the judgment "as to his causes of action for breach of contract, tortious interference with contract, and intentional infliction of mental distress." *Id.* Because he did not challenge summary judgment "as to his causes of action" in his original brief, the argument was waived. *Id.*

In *Bankhead*, in the appellant's original brief, the appellant complained that "the jury was prohibited from awarding a zero amount in attorney's fees" and argued that attorney's fees were mandated under the Texas Civil Practices and Remedies Code. *Bankhead*, 135 S.W.3d at 163. In her reply, however, she argued under the Residential Construction Liability Act. *Id.* The court ruled that argument had been waived as not addressed in the original brief. *Id.*

Finally, in *N.P.*, the appellant's originally argued that portions of the Texas Civil Practices and Remedies Code were inapplicable and that the trial court erred in granting summary judgment for that reason. *N.P.*, 190 S.W.3d 217. In her reply brief, the appellant argued that "she still has a viable claim for relief for respondeat superior." *Id.* at 220. This Court addressed the appellant's new argument because it questioned whether the trial court's final judgment actually "dispose[d] of all pending claims and parties" and thus related to this Court's jurisdiction. *Id.* at 225.

All three of the above-mentioned cases are distinguishable from the present case. Here, Appellee challenges Appellants' arguments related to the summary judgment and final judgment of the trial court

and the April 2, 2014 order. Yet Appellants did not argue a new issue in its reply—unlike the appellant *N.P.* who used her reply to argue that she still had a case under respondeat superior. *Id*. Nor did Appellants seek relief under a different statute—unlike the appellant in *Bankhead* who used her reply to argue under the Residential Construction Liability Act rather than the Texas Civil Practices and Remedies Code. *Bankhead*, 135 S.W.3d at 163. Nor did Appellants concoct new issues— as did the appellant in *Green* who used his reply to argue that trial court had erred in ways not stated in the original brief. *Green*, No. 14-05-01247-CV.

Rather, in the present case, in both Appellants' Original Brief and Reply Brief, Appellant was consistent in arguing that there was no evidence to support the trial court's ruling granting relief to Appellee and that Appellee's Motion for Additional Sanctions concerned only the behavior of Appellant Thomas Knowles and put only Knowles on notice that his pleadings would be struck. (CR: 1213-21.)

## III. The arguments concerning the summary judgment and the final judgment of the trial court

Briefly, no-evidence summary judgment may be granted when "there is no evidence of one or more essential elements of a claim or

defense on which an adverse party would have the burden of proof at trial." Tᴇx. R. Cɪᴠ. Pʀᴏ. 166a(i) (2014). Traditional summary judgment may be granted when "when a movant establishes there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Malcomson Road Utility Dist. v. Newsom*, 171 S.W.3d 257, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Summary Judgment is a ruling on the merits of a case.

Though the trial court did not grant summary judgment to Appellee, the trial court ruled in favor of Appellee, thus implicitly finding that its claim had merit. *See generally TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) (writing "[d]iscovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit.") In their first issue, Appellants argue that their claim is meritorious and that Appellee's claim lacks merit.

In both Appellants' Original Brief and Reply Brief, Appellants argued that there was no evidence to support Appellee's theory of the case and that there was no genuine issue of material fact. As the trial

5

court ruled in Appellee's favor and granted relief as Appellee pleaded for, such arguments are applicable to both the denial of summary judgment and to the trial court's final judgment. (CR: 1448.) As the same arguments apply to both judgments, Appellants would ask this Court to liberally construe their Original Brief as to not abandon this issue by waiver.

The present case is distinguishable from *Green*, because here Appellants did not make new arguments concerning why summary judgment was denied in error. *Green*, No. 14-05-01247-CV. Appellants rather ask that the same arguments from their Original Brief that were made mistakenly concerning the denial of summary judgment be applied to the final judgment.

## IV. The appeal from the April 2, 2014 judgment

Again, in both Appellants' Original Brief and Reply Brief, Appellants argued that Appellee's Motion to Enforce Prior Sanctions and for Additional Sanctions concerned only the behavior of Appellant Christopher Knowles and specifically pleaded only "that Defendant Knowles's answer be stricken without further actions of this Court." (CR:1213-21.) Though in Appellants' Original Brief Appellants

6

mistakenly argued the trial court's April 2, 2014 judgment was a judgment nunc pro tunc, the premise of the argument did not change— the trial court granted judgment beyond what was pleaded for and beyond what was argued for at the hearing and erred in doing so.

It should further be noted that the present case is distinguishable from *Bankhead*. There, the appellant failed to raise "the controlling authority" and therefore waived the issue. *Bankhead*, 135 S.W.3d at 164. As stated above, the appellant's original brief concerned the Texas Civil Practices and Remedies Code whereas the reply brief argued for relief under the Residential Construction Liability Act. *Id.* Here, Appellants' Reply Brief did not ask for relief under an entirely different statute but rather under a different rule of procedure.

## V. Alternatively, Appellants ask for leave to supplement their Original Brief

In the Alternative, Appellants would ask this Court for leave to supplement their Original Brief with the arguments so made in Appellants' Reply Brief and Appellants' Supplemental Reply Brief. Rule 38.7 of the Texas Rules of Appellate Procedure allow a party to "amend[] or supplement[] whenever justice requires, on whatever reasonable terms the court may prescribe." TEX. R. APP. PRO. 38.7

(2014). "Allowing our intermediate courts some discretion in ordering rebriefing is necessary to balance the twin objectives of a liberal and just construction of procedural rules and the prompt and efficient resolution of appeals." *Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279, 285 (Tex. 1994).

In the present case, Appellants would argue that allowing them to supplement their Original Brief with arguments made in their Reply Brief and Supplemental Reply Brief would be in the interest of justice. Appellants' Reply Brief and Supplemental Reply Brief states no new issues or attacks on the judgments but only attempts to prevent waiver through mistake by reframing their previous argument. With regards to the final judgment, Appellants' Reply Brief relied on the same arguments as they made in the Original Brief, but the Reply Brief and the Supplemental Reply Brief sought to apply the arguments to the correct judgment of the lower court. With regards to the April 2, 2014 order of the trial court, Appellants' Reply Brief and Supplemental Reply Brief sought to correct the argument by applying the relevant rule of civil procedure.

Additionally, allowing Appellants to supplement would not cause any prejudice to Appellee or delay. Appellee would not be prejudiced as it has already addressed any new issues Appellants may have presented in their Reply Brief in Appellee's Motion to Strike. Nor would granting Appellants leave to supplement their Original Brief cause delay because Appellants quickly responded to correct their Original Brief and any new arguments have already been made and responded to by Appellee. *Cf. Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (finding that a litigant "cannot wait more than six months and then argue that 'justice' requires that he be permitted post-argument to resurrect an abandoned claim" via a supplemental brief).

## CONCLUSION

WHEREFORE, premises considered, Appellants respectfully ask this Court to deny Appellee's Motion to Strike Appellants' Reply Brief, or in the alternative, to grant Appellant's Motion to Supplement Original Brief, and for whatever further relief Appellants have shown themselves to be justly entitled.

Respectfully submitted,

*/s/Thomas P. Nixon*
Thomas P. Nixon

9

State Bar No. 24048692
6009 Richmond Ave. Suite 208
Houston, TX 77057
Tel: (713) 893-4439
Fax: (888) 591-6924
Emily Foster
State Bar No. 24059768
166 Carr Road
Sheffield
S6 2WZ
UK
Attorneys for Appellants

## Certificate of Service

I hereby certify that a true and correct copy of Appellants' Response to Motion to Strike Reply Brief and Appellants' Motion to Supplement Original Brief was served on all other parties or their attorneys of record on this 16th day of January, 2015 by electronic service.

*/s/Thomas P. Nixon*
Thomas Nixon
Attorney for Appellants

## Certificate of Compliance

I hereby certify that this response and motion complies with the requirements of Rule 9.4 of the Texas Rules of Appellate Procedure.

*/s/Thomas P. Nixon*
Thomas Nixon
Attorney for Appellants